| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, STATE OF COLORADO<br>**Court Address:** 270 South Tejon Street, Colorado Springs, CO 80903 | |
| **Plaintiffs:**<br>**AMBER STRANG**<br><br>v<br><br>**Defendant:**<br>**AMERICAN FAMILY INSURANCE GROUP a/k/a AMERICAN FAMILY MUTUAL INSURANCE COMPANY** | ▲ COURT USE ONLY ▲<br><br>Case No.: |
| *Attorney for Plaintiffs:*<br>MACEAU LAW<br>Gregory A. Maceau, #15693<br>Mark Anthony Barrionuevo, #43535<br>John M. Scorsine, #37131<br>3225 Templeton Gap Rd., Suite 205<br>Colorado Springs, CO 80907<br>Telephone: (719) 633-2222<br>Facsimile: (719) 577-4648 | Division No. : |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW, the Plaintiff, Amber Strang, by and through her attorneys, Maceau Law, and hereby submits the following for her Complaint:

### PARTIES

1. At all times relevant to this Complaint, Plaintiff was a resident of the State of Colorado.

2. The Defendant is a Wisconsin Corporation in good standing with the Colorado Secretary of State with a listed principal place of business located at 6000 American Parkway, Madison, WI 53783.

3. This case arises from damages sustained from a severe weather event occurring on or about 21 May 2014 to property owned by Plaintiff and insured by Defendant. The significant actions which gave rise to this Complaint occurred in the State of Colorado.

### GENERAL ALLEGATIONS

1. At all times pertinent to this Complaint, the Plaintiff had a homeowner's policy with American Family Insurance Group a/k/a American Family Mutual Insurance Company (hereinafter referred to as 'policy'). The policy insures against damage to property and provisions for "replacement cost" coverage in the event of loss, among other casualty and liability coverages. This homeowner's policy covered the real property and improvements, located at 8315 Red Spring Valley Rd., Colorado Springs, Colorado 80919-3233 (hereinafter referred to as the "home" or the "property".)

1

2. The property was damaged by heavy winds and hail which occurred on 21 May 2014 (the Storm). These weather conditions caused severe damage which violated the integrity of the roof and exterior of the home. The damage expedited the loss functionality as well as the normal wear and tear of the roof and home exterior. Additionally, this damage led to subsequent damage to the interior of the home due to leaking, etc. caused by Defendant's failure to adequately and timely process Plaintiff's claims.

3. As a result of the severe weather, Plaintiff has suffered damages to her home.

4. The damage to Plaintiff's property was caused through no fault of her own.

5. In or around June 2014 Plaintiff called American Family insurance to make a claim for damages caused by the Storm, but was told by a representative that she should wait to file the claim until after hail season. On February 10, 2015 she officially filed the claim for damage to her property resulting from the Storm.

5. On 11 March 2015 American Family adjuster Curtis Negilski inspected the property and later issued payment in the amount of $1,157.39.

6. During the period of April 2015 to present, Plaintiff retained Ken Murphy, of K.T. Murphy Construction to assist her in assessment of the damages. Mr. Murphy completed his evaluation and estimated damages totaling $78,795.78

7. On 13 April 2015 Plaintiff requested a meeting with Mr. Negilski and Mr. Murphy so that she could better understand the large discrepancy between the estimates. This meeting and re-inspection of the Property occurred on 21 April 2015 with American Family Insurance agent Andy Holloman.

8. Mr. Negilski did not contact the Plaintiff after the re-inspection of 21 April 2015 until 06 May 2015 at that time Mr. Negilski sent an email to Plaintiff detailing the Actual Cash Value of further damages totaling $3,953.45. These additional damages resulted from incorrect measurements taken by Mr. Negilski, the replacement of the AC unit, sand blasting the deck, and additional ridge shingles.

9. American Family has continued to deny any further coverage and refuses to repair/replace the property's roof and damaged home exterior. They further deny coverage for all subsequent damage caused by their failure to properly and timely process the Plaintiff's claims.

### FIRST CLAIM FOR RELIEF
*BREACH OF CONTRACT*

10. Plaintiff reiterates, as though restated in full, those allegations set forth in paragraphs one through nine of this Complaint.

11. By delaying and denying dwelling coverage benefits, the Defendant breached its insurance contract with the Plaintiff.

### SECOND CLAIM FOR RELIEF
*BAD FAITH BREACH OF INSURANCE CONTRACT*

12. Plaintiff reiterates, as though restated in full, those allegations set forth in paragraphs one through eleven of this Complaint.

13. The Defendant acted unreasonably in delaying and denying Plaintiff's claim for dwelling coverage under the Plaintiff's homeowner's insurance policy.

14. The Defendant knew that its conduct was unreasonable or the Defendant recklessly disregarded the fact that its conduct was unreasonable.

15. The Defendant's unreasonable conduct was a cause of Plaintiff's damages and losses.

16. In denying the Plaintiff's claim for dwelling coverage benefits, the Defendant violated the unfair claims settlement practices subdivision of the Unfair Methods of Competition/Unfair or Deceptive Acts or Practices section of the Colorado Insurance Code, C.R.S. § 10-3-1104. Specifically, the Defendant:

    A. Failed to adopt and implement reasonable standards for prompt investigation of claims arising under insurance policies, and/or;
    B. Refused to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information, and/or;
    C. Failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim in which liability is clear.

### THIRD CLAIM FOR RELIEF
*STATUTORY DAMAGES*

17. Plaintiff reiterates, as though restated in full, those allegations set forth in paragraphs one through sixteen of this Complaint.

18. The Defendant unreasonably delayed or denied Plaintiff's claim for dwelling coverage benefits.

19. Pursuant to C.R.S. § 10-3-1115 and 10-3-1116, Plaintiff is entitled to double damages and attorney's fees on account of the Defendants unreasonable denial of their claim for dwelling coverage benefits.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter Judgment in favor of the Plaintiff and against the Defendant in the amount of Seventy-Three Thousand, Six hundred Eighty-Four dollars and Ninety-Four cents ($78,795.78) together with bad faith damages, double damages, attorney's fees, costs, interest, and such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 17th day of August, 2015.

3

MACEAU LAW:

*[signature]*

Gregory A. Maceau, #15693
Mark Anthony Barrionuevo, #43535
John M. Scorsine, #37131

Plaintiff's Address:
c/o 3225 Templeton Gap Rd., Suite 205
Colorado Springs, CO 80907

4